United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ANDREW ARON, et al.,

Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., et al.,

Defendants.

Case No. 26-cv-03045-VKD

**ORDER DENYING DEFENDANT CHIME FINANCIAL, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Re: Dkt. No. 20

On July 14, 2026, defendant Chime Financial, Inc. ("Chime") filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure as to plaintiffs' claim against Chime for violation of California Penal Code § 496. Dkt. No. 20. Plaintiffs Andrew Aron and Mary Aron oppose the motion. Dkt. No. 26. Upon consideration of the moving and responding papers, as well as the oral arguments presented at the hearing (Dkt. No. 33), the Court denies the motion for judgment on the pleadings.[1]

## I. BACKGROUND

According to the complaint, the Arons maintained a personal savings account with defendant JPMorgan Chase Bank, N.A. ("Chase"). Dkt. No. 1 ¶ 2, Ex. A ¶ 6. On November 4, 2025, the Arons noticed approximately 39 transactions, each in the same amount, transferring money from their Chase savings account to a Chime account in Mr. Aron's name. *Id.* ¶¶ 7-8, 11. The Arons have never had an account with Chime and assert that the transfers were fraudulent. *Id.* ¶¶ 11, 12. In total, $74,061 was transferred without their authorization from their Chase account

[1] All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 9, 11, 12.

to the Chime account. *Id.* ¶ 8. They contend this money was stolen. *Id.* ¶ 14.

The Arons allege that they "immediately" "notified Chime that it was in receipt of the stolen funds and requested that the funds be returned." *Id.* ¶¶ 14, 37. The Arons filed an identity theft report with the Federal Trade Commission and a police report with the San Jose Police Department. *Id.* ¶ 17. They provided the police report to Chase; the complaint is silent regarding whether they also provided the report to Chime. *See id.* ¶ 18. According to the Arons, Chase instructed them to seek their funds from Chime, while Chime instructed them to seek their funds from Chase. *Id.* ¶ 20. Neither defendant has returned the stolen funds to the Arons. *Id.* ¶ 21.

On March 2, 2026, the Arons filed this action in the Superior Court for the County of Santa Clara, asserting (1) a claim for violation of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq. against Chase, and (2) a claim for violation of California Penal Code § 496 against Chime. *See generally* Dkt. No. 1 ¶ 2, Ex. A. On April 9, 2026, Chase, with Chime's consent, removed the action to this Court, asserting that the Court may exercise federal question jurisdiction over the EFTA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the section 496 claim pursuant to 28 U.S.C. § 1367. Dkt. No. 1 ¶¶ 1-3. Chase and Chime answered the complaint. Dkt. Nos. 13, 14.

Chime now moves for judgment on the pleadings in its favor as to the section 496 claim pursuant to Rule 12(c). Dkt. No. 20.

## II. LEGAL STANDARD

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Rule 12(c) motions test the legal sufficiency of a claim. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Such motions are "functionally identical" to those brought pursuant to Rule 12(b)(6), and "the same standard of review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (citation modified). Accordingly, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party," but need not accept as true conclusory allegations. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court may consider materials subject to judicial notice without converting a Rule 12(c) motion into one for summary judgment. *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008). Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the complaint does not plead "enough facts to state a claim to relief that is plausible on its face," and the moving party is entitled to judgment as a matter of law. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006).

## III. DISCUSSION

The Arons assert a single claim against Chime for violation of California Penal Code § 496. Dkt. No. 1 ¶ 2, Ex. A ¶¶ 35-40. Section 496(c) affords a civil remedy for violations of section 496(a). Cal. Penal Code § 496(c). A section 496 claim can be brought by "[a]ny person who has been injured" by a defendant "who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained." *Id.* § 496(a), (c).

To state a claim under section 496(a), a plaintiff must plausibly allege "(i) property was stolen or obtained in a manner constituting theft, (ii) the defendant knew the property was so stolen or obtained, and (iii) the defendant received or had possession of the stolen property." *Switzer v. Wood*, 35 Cal. App. 5th 116, 121 (Cal. Ct. App. 2019), *as modified* (May 10, 2019). While receiving stolen property is a "distinct and separate offense" from withholding or concealing stolen property, *see Williams v. Super. Ct.*, 81 Cal. App. 3d 330, 343-44 (Cal. Ct. App. 1978), the elements of the two claims are the same, *see LA Tech & Consulting, LLC v. Am. Express Co.*, No. 22-56221, 2023 WL 8166780, at *1-2 (9th Cir. Nov. 24, 2023). "One reason for including both receiving and [withholding] and concealing stolen property within the proscription of Penal Code section 496 is that it enables prosecution of one who innocently acquires property, but later learns that it was stolen and thereafter conceals it." *Williams*, 81 Cal. Appt. 3d at 344. At the hearing, the Arons confirmed that they assert a claim against Chime for withholding the stolen

United States District Court
Northern District of California

funds, and not for receiving them. *See* Dkt. No. 33; *see also* Dkt. No. 1 ¶ 2, Ex. A ¶ 39 ("Chime is in violation of Penal Code § 496(a) which prohibits the withholding from the owner of property that has been stolen or that has been obtained in any manner constituting theft or extortion if knowing the property to be so stolen or obtained.").

With respect to the elements of the claim, Chime does not dispute that the complaint adequately alleges the first element—i.e., that the Arons' funds were stolen by a third party who acted with the requisite criminal intent—and the third element—i.e., that Chime withheld the stolen funds. *See* Dkt. No. 20 at 3-6; *see also* Dkt. No. 33. Chime argues that the Arons have not pled the second element: that Chime "knew the property was so stolen or obtained." *See* Dkt. No. 20 at 3-6. Specifically, Chime argues that the Arons have not alleged that Chime acted with "criminal intent" or "actual knowledge." *Id.*

As an initial matter, the Court notes that Chime appears to conflate the "criminal intent" required to establish "stealing" or "theft" (i.e., the first element of the claim) and "knowledge" that the property was stolen or obtained by theft (i.e., the second element of the claim). In *Siry Investment, L.P. v. Farkhondehpour*, the California Supreme Court held "[a] plaintiff may recover treble damages and attorney's fees under section 496(c) when property has been obtained in any manner constituting theft." 13 Cal. 5th 333, 361 (Cal. 2022) (concluding that intentional diversion of rental income away from limited partnership constituted "theft"). However, the court identified an important limiting principle to the conduct within the scope of the statute: property is "stolen or obtained in a manner constituting theft" where a defendant acts "with careful planning and deliberation reflecting the requisite criminal intent." *Id.* at 361-62 (observing that a "[criminal intent] requirement prevents ordinary commercial defaults from being transformed into a theft" (citation modified)). *Siry* did not directly address the second, "knowledge" element of the claim, nor did it hold that the same criminal intent required to support the first, "stolen/theft" element of the claim informs what is required to plead or prove that the defendant "knew" the property was stolen or obtained by theft.

Unlike in *Siry*, the Arons do not contend that Chime itself committed theft; they allege that third party criminals transferred funds out of their Chase account to a fraudulent Chime account,

that they notified Chime of this theft, and that Chime continued to withhold and not return the stolen funds. *See generally* Dkt. No. 1 ¶ 2, Ex. A; *see also* Dkt. No. 26 at 1 ("Plaintiffs lost $74,061 from their personal savings when criminals transferred the funds out of their [Chase] bank account."). Chime concedes that section 496 can encompass this fact pattern. Dkt. No. 33.

The parties agree that a "necessary element" of a section 496 claim is "actual knowledge that the property had been stolen." *LA Tech*, 2023 WL 8166780, at *2 (citing *People v. Tessman*, 223 Cal. App. 4th 1293, 1302 (Cal. Ct. App. 2014)). Chime argues that the Arons' allegations that they notified Chime that it possessed their stolen funds and that they requested Chime return the funds are not enough to plead "actual knowledge." Dkt. No. 20 at 4 (citing Dkt. No. 1 ¶ 2, Ex. A ¶¶ 14, 37). Chime contends that, at most, it had "notice of a disputed transfer, not actual knowledge" that it received stolen funds. *Id.* The Arons respond that the complaint adequately alleges Chime had "actual knowledge" based on the notice the Arons provided. Dkt. No. 26 at 4-6.

In a recent unpublished decision, the Ninth Circuit considered the requisite pleading standard for two claims under section 496. In *LA Tech and Consulting*, the plaintiff alleged that a third party transferred money from the plaintiff's bank account to an account with American Express. *LA Tech & Consulting, LLC v. Am. Express Co.*, No. 22-cv-01213-DOC, 2022 WL 1750939, at *1 (N.D. Cal. Nov. 28, 2022). The plaintiff alleged that it sent American Express a letter informing American Express that the plaintiff's property had been stolen and demanding that American Express return the money.[2] *Id.* The plaintiff sued American Express for conversion, receiving stolen property, and withholding or concealing stolen property. *Id.* The district court dismissed both of the plaintiff's section 496 claims against American Express with prejudice on the ground that the complaint did not allege that American Express had "actual knowledge" that the property was stolen at the time it received or withheld the property. *Id.* at *3-6. The Ninth Circuit affirmed the district court's dismissal of the section 496 claim for receiving stolen

---

[2] The Court has reviewed the underlying complaint at issue in the *LA Tech* cases. The complaint alleged the date on which notice was provided but did not include any details about the contents of the notice. *See LA Tech & Consulting, LLC v. Am. Express Co.*, No. 22-cv-01213-DOC, Dkt. No. 19 ¶¶ 31, 63 (C.D. Cal. Sept. 9, 2022).

United States District Court
Northern District of California

property, but reversed the dismissal of the claim for withholding or concealing stolen property. *LA Tech*, 2023 WL 8166780, at *1-2. The Ninth Circuit explained that while the plaintiff had not adequately alleged that American Express knew "at the time of receipt" that the property was stolen, it had adequately alleged that American Express knew the funds were stolen "when it withheld and concealed the funds." *Id.* Specifically, the Ninth Circuit found that the plaintiff's allegation that it sent a letter informing American Express that it received the plaintiff's stolen funds gave American Express notice that the property had been stolen, and this notice was sufficient to plausibly allege "actual knowledge" by American Express. *Id.* at *2. The Ninth Circuit reversed the district court's dismissal of the section 496 claim for withholding or concealing stolen property, stating that it was "premature at this early stage of the proceedings." *Id.*

The Arons rely on virtually identical allegations here. They allege that they "immediately notified" Chime that it was in receipt of the stolen funds and requested that Chime return the funds. Dkt. No. 1 ¶ 2, Ex. A ¶¶ 14, 37. Chime did not return the stolen funds to plaintiffs. *Id.* ¶ 38. In the Court's view, it is a close question whether the complaint alleges, in a non-conclusory fashion, sufficient facts to plausibly support the Arons' assertion that Chime had "actual knowledge" that it was holding stolen property. While the complaint does not allege the specific contents of the notice to Chime, or the specific date on which notice was provided, the Court concludes that the Arons' pleading meets (just barely) the Rule 8 pleading standard for this element of a claim for withholding stolen property under section 496, and therefore states a claim for relief.

Chime has already answered the complaint, and it specifically denies the allegations that the Arons provided notice that the property was stolen or that this notice was sufficient. *See* Dkt. No. 14 ¶¶ 14, 37. As the Arons' factual allegations must be accepted as true and their complaint construed in the light most favorable to them, Chime is not entitled to judgment in its favor under Rule 12(c) on the Arons' section 496 claim for withholding stolen property.

## IV. CONCLUSION

For the reasons discussed above, the Court denies Chime's motion for judgment on the

United States District Court
Northern District of California

pleadings.

**IT IS SO ORDERED.**

Dated: August 26, 2026

Virginia K. DeMarchi
United States Magistrate Judge